<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SPRING CREEK REHABILITATION AND NURSING CENTER LLC d/b/a Spring Creek Healthcare Center,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, JENNIFER ABRUZZO, LAUREN M. McFERREN, MARVIN E. KAPLAN, GWYNNE A. WILCOX, DAVID M. PROUTY AND JEFFREY GARDNER,<br><br>Defendants. | Civil Action No. 24-09016<br><br>**OPINION**<br><br>October 24, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Spring Creek Rehabilitation and Nursing Center LLC d/b/a Spring Creek Healthcare Center's ("Spring Creek") motion for an entry of an Order to Show Cause for Emergency Relief in the form of a Temporary Restraining Order and Preliminary Injunction. (ECF 8, "Motion.") Defendant National Labor Relations Board ("NLRB") opposed the motion. (ECF 15, "Opp.") On October 21, 2024, American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") and Service Employees International Union's ("SEIU") motion for leave to file brief *Amici Curiae* was granted.[1] As such, the Court has decided this motion upon the submissions of Plaintiff, Defendant, AFL-CIO, and SEIU without oral

---

[1] AFL-CIO and SEIU's Amici Curiae submission will be referred to as "Amicus Brief." (ECF 16-1.)

argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiff's Motion is **DENIED**.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[2]

Plaintiff initiated the instant matter on September 6, 2024 by filing a Complaint (ECF 1, "Compl.") and Application/Petition for Order to Show Cause for emergency relief in the form of Temporary Restraining Order and Preliminary Injunction (ECF 8, Motion).

On or about November 30, 2021, Spring Creek purchased the skilled nursing facility located at 1 Lindberg Avenue, Perth Amboy, New Jersey, from the prior operator of that facility, Amboy Nursing and Rehabilitation Center ("Amboy") and assumed operations of the facility immediately. (ECF 1, Compl. ¶ 35.) Prior to the takeover of operations on November 30, 2021, Counsel for Spring Creek sent a letter to Clauvice St. Hilaire, Vice President of 1199 SEIU United Healthcare Workers East, New Jersey Region ("1199" or "the Union"), notifying the Union of the takeover of operations and recognizing the Union as the bargaining representative of the bargaining unit at Spring Creek, but that Spring Creek would not be assuming the expired collective bargaining agreement. (*Id*. ¶ 36.) The Union requested that Spring Creek assumed the expired collective bargaining agreement, but Spring Creek refused and proceeded with the takeover of operations of the facility as a Burns successor and implemented its Initial Terms and Conditions of Employment in accordance with federal labor law and communicated the same to Mr. St. Hilaire. (*Id*. ¶¶ 37-38.)

On or about May 22, 2023, the Union amended its unfair labor practice charge against Amboy to add Spring Creek as a party to its original August 19, 2021 charge against Amboy

---

[2] The facts and procedural history are drawn from the Complaint (ECF 1, Compl.), Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF 8, Motion), and NLRB's Opposition (ECF 15, Opp.).

stemming from the transfer of operations.³ (*Id*. ¶¶ 39-40.) The charges allege that Spring Creek: (a) unilaterally changed terms and conditions of employment without prior notice to or bargaining with the Union; and (b) conditioned its employees' continued employment on their individual acceptance of changed terms and conditions of employment. (*Id*. ¶ 42.) The Union further alleged that Spring Creek is jointly and severally liable to remedy ULPs of the predecessor. (*Id*. ¶ 44.)

On or about July 23, 2024, the Regional Director of Region 22 issued an amended complaint and notice that the administrative hearing would occur on September 17, 2024. (*Id*. ¶¶ 45-49.)

On September 11, 2024, Plaintiff filed the instant application seeking immediate injunctive relief to enjoin the any further proceedings in NLRB Case No. 22-CA-281616 (Amboy Nursing and Rehabilitation Center and Spring Creek Rehabilitation and Nursing Center, LLC). (*See* ECF 8.) In response, and in light of the then upcoming administrative hearing, the Court ordered an expedited briefing schedule. (*See* ECF 9.) However, on September 13, 2024, Defendant notified the Court that the NLRB formally rescheduled the unfair-labor-practice hearing to begin on November 7, 2024. (ECF 10, Def. Motion at 2.) On September 13, 2024, the Court reset the briefing schedule for the instant application. (*See* ECF 12.)

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions. In the Third Circuit, the four requirements Plaintiff must satisfy to obtain the emergent injunctive relief sought are:

> (1) a reasonable probability of eventual success in the litigation, and (2) that [they] will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into

---

³ Between November 30, 2021 and May 22, 2023 Spring Creek and the Union engaged in bargaining sessions for a new collective bargaining agreement. (Compl. ¶ 41.)

> account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), *as amended* (June 26, 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974) (internal citations omitted)). The Third Circuit has also made clear that "[p]reliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir.1994)).

"[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." *South Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.*, 274 F.3d 771, 777 (3d Cir. 2001) (citing *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)). It follows that a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See South Camden Citizens in Action*, 274 F.3dat 777 (citing *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)). As a threshold matter, the Court therefore considers the first two prongs together. "Only when a plaintiff has sufficiently met the first two prongs, does the Court consider the third prong relating to the possibility of harm to other parties and finally, evaluate whether public interest is served by granting injunctive relief." *Tanko v. Moore,* No. 23-2187, 2023 WL 3033573, at *1 (D.N.J. April 21, 2023) (internal citation and quotation marks omitted).

### III.   ANALYSIS

In this case, the Court need only analyze the second factor of the preliminary injunction analysis, because, for the reasons set forth below, the Court finds that Plaintiff failed to

demonstrate irreparable harm. *See Exec. Home Care Franchising LLC v. Marshall Health Corp.*, No. 15-760, 2015 WL 1422133, at *3 (D.N.J. Mar. 26, 2015).

Plaintiff, as the moving party, "has the burden of establishing a 'clear showing of immediate irreparable injury.'" *Tracey v. Recovco Mortg. Mgmt. LLC*, 451 F. Supp. 3d 337, 344 (D.N.J. 2020) (quoting *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011)). Irreparable injury means harm "such that legal remedies are rendered inadequate." *Tilden Recreational Vehicles, Inc. v. Belair*, 786 F. App'x 335, 342 (3d Cir. 2019) (citing *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997)). Demonstrating irreparable harm is perhaps the single most important prerequisite for issuing a preliminary injunction. *Donlow v. Garfield Park Acad.*, No. 09-6248, 2010 WL 1381010, at * 1 (D.N.J. Apr. 1, 2010) (internal citations omitted). The party seeking injunctive relief must demonstrate irreparable harm by "a clear showing of immediate irreparable injury." *Id.* (internal citations omitted). Before a court may issue preliminary injunctive relief, it must be convinced that the injunction is "the only way of protecting the plaintiff from [the] harm" in question. *See Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 731 (3d Cir. 2009). "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat" of irreparable harm. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000). "Establishing a risk of irreparable harm is not enough. [Rather,] a clear showing of immediate irreparable injury is required." *Naccarati v. Wilkins Twp.*, 846 F. Supp. 405, 408 (W.D. Pa. 1993) (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). In other words, the risk of irreparable harm must not be speculative. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994). Furthermore, a court cannot find irreparable harm where a defendant's breach can be adequately remedied by monetary damages. *Peterson v. HVM LLC*, No. 14-1137, 2015 WL 3648839, at *6 (D.N.J. June 11, 2015).

Spring Creek primarily bases its claim of irreparable harm on *Axon Enterprise Inc. v. FTC*, 598 U.S. 175, 195 (2023), arguing that Spring Creek faces "here-and-now" irreparable harm from "subjugation to unconstitutional agency authority though administrative proceedings that have already begun[.]" (ECF 8-3, Pl. Br. at 14.) Spring Creek hinges its irreparable harm argument on the contention that "agency adjudications are generally ill-suited to address structural constitutional challenges like those maintained here." (*Id*.) Specifically, Spring Creek adds that the upcoming NLRB proceeding is an "unconstitutional proceeding" which would leave Plaintiff an "injury . . . impossible to remedy once the proceeding is over." (*Id*) (internal citations omitted.) In layman's terms, Spring Creek seems to argue that it suffers "irreparable" injury sufficient to merit injunctive relief by simply having to proceed before an ALJ who enjoyed removal protections. (*Id*. at 30-32.)

Despite these assertions, Spring Creek has not shown the requisite irreparable harm necessary to warrant a preliminary injunction. Plaintiff's reliance on *Axon* is misplaced because *Axon* did not address the merits of a removal-protections claim or the showing necessary to warrant injunctive relief. Indeed, in *Axon* the Court decided the narrow question of whether a district court had jurisdiction to hear structural constitutional challenges to ongoing agency proceedings. Put simply, the *Axon* Court determined where and when a plaintiff may challenge removal protections, but it did not modify what a plaintiff needs to prove to demonstrate that the proceeding and decisionmakers it faces are illegitimate, nor did it overrule *Collins v. Yellen*, 594 U.S. 220 (2021) without indicating as much.[4]

---

[4] The Tenth Circuit recently addressed a similar situation in *Leachco, Inc. v. CPSC*, 103 F.4th 748, 759 (10th Cir. 2024). There, as here, a plaintiff sought a preliminary injunction against agency proceedings on the grounds that both ALJs and agency commissioners were unlawfully insulated from Presidential removal. *See Leachco*, 103 F.4th at 749. Similarly, the plaintiff's alleged harm was the "constitutional injury of being subjected to an administrative proceeding carried out by an unconstitutionally structured agency." *Id*. at 753. And there, as here, the plaintiff utilized "statements made by the *Axon* Court . . . to argue that subjection to proceedings before an unconstitutionally structured agency, alone, constitutes irreparable harm." *Id*. at 758. The *Leachco* court explained that the "'here-and-now injury'

Taken to Plaintiff's logical conclusion, interpreting *Axon* to require a preliminary injunction any time a party challenges administrative proceedings on constitutional grounds would disrupt law enforcement efforts by federal agencies across the government and overwhelm the courts with preliminary injunction requests amounting to judicial preclearance. Obviously, this would contravene the well-accepted principles that a preliminary injunction "is an extraordinary remedy that should be granted only in limited circumstances."[5]

Accordingly, Plaintiff's argument that the mere assertion of a constitutional challenge to the structure of a government agency entitles it to extraordinary relief is unavailing at this juncture. Plaintiff has failed to offer any evidence of irreparable harm stemming from the alleged constitutional violations. Because Plaintiff failed to demonstrate irreparable harm so as to justify the extraordinary remedy they seek, the Court accordingly **DENIES** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

The Court reaches no conclusion with respect to the merits of Plaintiff's case at this time. The Court merely concludes that Plaintiff's failure to demonstrate irreparable harm compels the denial of the motion.

---

language in *Axon* originated from *Seila Law*," a case that "concerned standing, not entitlement to injunctive relief." *Id.* at 759 (discussing *Seila Law LLC v. CFPB*, 591 U.S. 197 (2020)). In *Collins*, the Tenth Circuit noted the Supreme Court "clarified [that] its 'here-and-now-injury' language from *Seila Law* . . . should not be misunderstood as a holding on a party's entitlement to relief based on an unconstitutional removal restriction." *Id.* (citing *Collins*, 594 U.S. at 258 n.24). The *Leachco* Court further noted it would "follow the Supreme Court's words of caution when interpreting the same 'here-and-now injury' language from *Axon*." *Id.* (internal citations omitted). As a result, the Tenth Circuit declined to read *Axon*'s "limited jurisdictional holding" as a "broad ruling that creates an entitlement on the merits to a preliminary injunction in every case where such constitutional challenges are raised." *Id.* Put simply, "[t]he Supreme Court's jurisdictional analysis did not change the relief analysis required under *Collins*." *Id.* at 765.

[5] *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 202 (3d Cir. 2024); *see also Alivio Med. Ctr. v. NLRB*, No. 24-7217, 2024 WL 4188068 at *11 (N.D. Ill. Sept. 13, 2024) (denying preliminary injunction and noting that "[plaintiff's] position – if accepted – would neuter the National Labor Relations Act by blocking all proceedings before the National Labor Relations Board, the independent agency that has steadfastly and exclusively enforced the statute for the past eighty-nine years against entities accused of unfair labor practices. Quite extraordinary, indeed.").

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF 8) is **DENIED**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Stacey D. Adams, U.S.M.J.
          Parties