UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SPRING CREEK REHABILITATION AND NURSING CENTER LLC d/b/a Spring Creek Healthcare Center,** | : <br> : <br> : <br> : |
| Plaintiff, | : |
| | : **Case No.** 2: 24-cv-09016 |
| v. | : |
| | : Hon. James K. Semper |
| **NATIONAL LABOR RELATIONS BOARD**, a Federal administrative agency; **JENNIFER ABRUZZO**, in her official capacity as the General Counsel of the National Labor Relations Board; **LAUREN M. McFERRAN**, in her official capacity as the Chairman of the National Labor Relations Board: **MARVIN E. KAPLAN, GWYNNE A. WILCOX** and **DAVID M. PROUTY**, in their official capacities as Board Members of the National Labor Relations Board; and **JEFFREY P. GARDNER**, in his official capacity as an Administrative Law Judge of the National Labor Relations Board, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR STAY AND INJUNCTIOIN PENDING APPEAL PURSUANT TO FRAP RULE 8**

**IMMEDIATE CONSIDERATION REQUESTED**

1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ------------------------------------------------------------- iii

STATEMENT OF ISSUE PRESENTED ---------------------------------------------- 1

STATEMENT OF CONTROLLING OR MORE APPROPRIATE
AUTHORITY FOR THE RELIEF SOUGHT  -------------------------------------- 2

INTRODUCTION ------------------------------------------------------------------------ 3

BACKGROUND -------------------------------------------------------------------------- 3

ARGUMENT ------------------------------------------------------------------------------ 4
    1. SPRING CREEK has made a Strong Showing That it is Likely
       To Succeed on the Merits ------------------------------------------------- 5

    2. SPRING CREEK Will Be Irreparably Injured Without
       A Stay ------------------------------------------------------------------------- 7

    3. The balance of harms and public interest favor the Stay ----------- 10

CONCLUSION AND REQUESTED RELIEF ----------------------------------- 11

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**LAWS:**

15 U.S.C. § 41 ---------------------------------------------------------------------------- 5

28 U.S.C. § 1292(a)(1) ------------------------------------------------------------------ 3

29 U.S.C. § 153(a) ---------------------------------------------------------------------- 5
29 U.S.C. § 154 -------------------------------------------------------------------------5
29 U.S.C. § 156 ------------------------------------------------------------------------- 6
29 U.S.C. § 160(j) ---------------------------------------------------------------------- 5

FRAP Rule 8 ------------------------------------------------------------------------- 3, 4

**CASES:**

*Ala. Assn. of Realtors v. HHS,* 594 U.S. 758 (2021) ------------------------------ 10

*Amazon.com Services LLC v. NLRB, et al.,* No. 24-50761
(5th Cir. 9/30/2024 – Doc. 46 granting Motion for Stay (Doc. 11) ---------------- 4

*Arlington v. FCC,* 569 U.S. 290 (2013) ----------------------------------------------- 6

*Axon Enter., Inc. v. FTC,* 598 U.S. 175 (2023 --------------------------------- 2, 8, 9

*BST Holdings, LLC v. OSHA,* 17 F.4th 604 ----------------------------------------- 10

*CFPB v. National Collegiate Master Student Loan Trust,* 96 F.4th 599 (3rd Cir.
2024), cert. docketed at No. 24-185, 8/20/2024) ------------------------------------ 8

*Collins v. FHFA,* 254 F.Supp.3d 841 (S.D. Tex.-Houston 2017) ------------------ 9

*Collins v. Yellen,* 594 U.S. 220 (2021) ------------------------------------------- 8,9

*Consumer Research v. CPSC,* 91 F.4th 342 (5th Cir. 2024),
cert. den. 2024 WL 4529808 (No. 23-1323 10/21/2024) -------------------------- 7

*Heckler v. Chaney,* 470 U.S. 821 (1985) --------------------------------------------- 5
*Humphrey's Executor v. U.S.,* 295 U.S. 602 (1935)…………………………….5,7

## TABLE OF AUTHORITIES (CONTINUED)
### CASES (CONTINUED)

*Jarkesy v. SEC*, 34 F.4th 446 (5th Cir. 2022), *aff'd.*
*and remanded on other ground,* __U.S. __, 144 S.Ct. 2117
(2024) -------------------------------------------------------------------------------- 6

*League of Women Voters of U.S. v. Newby* ----------------------------------------- 10
838 F.3d 1 (D.C. Cir. 2016);

*NLRB v. United Food and Commercial Workers Union,*
*Local 23, AFL-CIO,* 484 U.S. 112 (1987) ----------------------------------------- 5

*Nken v. Holder*, 556 U.S. 418 (2009) ------------------------------------------- 2, 5

*Price v. Vincent,* 583 U.S. 634 (2003) ------------------------------------------- 8

*SEC v. Jarkesy*, 144 S.Ct. 2117 (2024) --------------------------------------- 6,7

*Seila Law LLC v. CFPB,* 591 U.S. 197 (2020) --------------------------------5, 6,7,8

*Space Exploration Technologies Corp. v. NLRB et al.*
No. 24-40315 *(*5th Cir. May 2, 2024------------------------------------------------ 4

*U.S. v. Texas,* 144 S.Ct. 797 (2024)(Justices Barrett & Kavanaugh, concurring)- 4

*Westrock Servs., Inc.,* 366 NLRB No. 157 at page 1 (August 6, 2018)------------ 6

*YAPP USA Auto. Systems, Inc. v. NLRB*,
No. 24-1764, 2024 WL 4489598 (6th Cir. 10/13/2024)
Application for writ of injunction denied by Justice Kavanaugh at
2024 WL 4508993 (U.S. Supreme Court No. 24A348) (10/15/2024)------------- 4

## STATEMENT OF THE ISSUE PRESENTED

**Should the Court stay the proceedings and enjoin the NLRB proceedings pending the resolution of Spring Creek's appeal as of right pending before the U.S. Court of Appeals for the Third Circuit?  Suggested Answer – YES.**

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

*Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023): The harm of being subjected to unconstitutional agency authority in a proceeding by an unaccountable ALJ is a here-and-now injury that is impossible to remedy once the proceeding is over and is thus necessary for a preliminary injunction.

*Nken v. Holder*, 556 U.S. 418, 433 (2009): A stay is an exercise of judicial discretion the propriety of which is dependent upon the circumstances of the particular case, guided by sound legal principles distilled into consideration of four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. The last two factors merge where, as here, the government is the opposing party. *Id*. 556 U.S. at 435.

# INTRODUCTION

The Court is already well-versed in the facts and issues in the case and this Motion relief upon the same facts and legal analysis the Court rejected in its decision and order of October 24, 2024 (ECF 19-20). Pursuant to FRAP Rule 8, Spring Creek must first seek the relief requested from this Court before seeking such relief from the Third Circuit. Accordingly, Spring Creek respectfully requests that this Court grant the Motion and stay proceedings in this Court and enjoin the NLRB proceedings pending the Third Circuit's resolution of Spring Creek's Appeal. Spring Creek notes that the NLRB has requested a stay of proceedings before this Court (ECF 22) that does not include the additional relief as to the NLRB proceedings requested by Spring Creek in this Motion. As noted in ECF 22, Spring Creek did not oppose the Defendants' request for an extension of time.

# BACKGROUND

The NLRB has scheduled the hearing to begin in Case No. 22-CA-281616 against Spring Creek on November 7, 2024.

This Court denied Spring Creek's motion for preliminary relief on October 24, 2024 (ECF 19-20).

Spring Creek appealed this Court's October 24, 2024 Order pursuant to 28 U.S.C. § 1292(a)(1) (ECF 21), which has been docketed as No. 24-3023 (ECF 23).

3

## ARGUMENT

While this Court previously denied Spring Creek's motion for preliminary relief against Defendants while this case is pending, Spring Creek seeks a different and likely shorter injunction to avoid and prevent the same harm noted in its prior motion – unconstitutional proceedings before the NLRB.  Spring Creek seeks this different relief pursuant to the requirements of FRAP Rule 8.  Spring Creek notes such stays pending appeal have been both granted and denied in similar cases. *Compare:  Space Exploration Technologies Corp. v. NLRB et al.,* No. 24-40315 *(*5th Cir. May 2, 2024 – Doc. 40 granting Opposed Emergency Motion at Doc. 10) (copies attached as Exhibit A); *Amazon.com Services LLC v. NLRB, et al.,* No. 24-50761 (5th Cir. 9/30/2024 – Doc. 46 granting Motion for Administrative Stay[1] (Doc. 11) "as to proceedings in both the district court as well as the reference 'ongoing NLRB proceedings'") (copies attached as Exhibit B); with *YAPP USA Auto. Systems, Inc. v. NLRB*, No. 24-1764, 2024 WL 4489598 (6th Cir. 10/13/2024) (denying stay of NLRB proceedings pending appeal) and application for writ of injunction denied by Justice Kavanaugh at 2024 WL 4508993 (U.S. Supreme Court No. 24A348) (10/15/2024).

---

[1] *See: U.S. v. Texas,* 144 S.Ct. 797, 797-800 (2024) (Justices Barrett and Kavanaugh, concurring) (Discussion of Administrative Stays).

A party seeking such relief must make the same showing necessary to obtain preliminary relief. *Nken v. Holder.* The Court's prior decision did not reach the merits of Spring Creek's complaint below that the structure of the NLRB violates the President's Article II removal authority and Spring Creek's Seventh Amendment rights. The Court denied preliminary relief on the basis that Spring Creek did not "demonstrate irreparable harm because Spring Creek "failed to demonstrate irreparable harm stemming from the alleged constitutional violations."

Factor 1: **Spring Creek Has Made A Strong Showing That It is Likely to Succeed on the Merits**

This Court did not reach the merits in its prior decision on Spring Creek's motion. As previously argued (ECF 8 and 18), Spring Creek has made a strong showing that it is likely to succeed on the merits both as to Article II issues and the Seventh Amendment issue.

Defendants are not protected by *Humphrey's Executor v. U.S.,* 295 U.S. 602 (1935), because, as detailed in Spring Creek's prior motion, the NLRB is not the same as the FTC and Congress did not create it to be the same: 29 U.S.C. § 153(a) does not provide for the political party balance provided for the FTC in 15 U.S.C. § 41. The NLRB, contrary to requirements for the exception, exercises executive power. 29 U.S.C. §§ 154, 160(j); *Heckler v. Chaney,* 470 U.S. 821, 832 (1985) (decisions long regarded as the special province of the Executive Branch); *NLRB v. United Food and Commercial Workers Union, Local 23, AFL-CIO,* 484 U.S. 112,

5

125-126 (1987) (NLRB actions prior to adjudication are prosecutorial); *Arlington v. FCC*, 569 U.S. 290, 305 FN4 (2013) (even though the activities of administrative agencies "take 'legislative' and 'judicial' forms," "they are exercises of—indeed, under our constitutional structure they *must be* exercises of—the 'executive Power'"). 29 U.S.C. § 156 authorizes the NLRB to promulgate regulations as may be necessary to carry out the provisions of the Act, which rules, as those in *Seila Law,* 591 U.S. at 218-219, affect a major segment of the U.S. economy.

The NLRB agrees that its ALJs, like SEC judges, are inferior officers. *Westrock Servs., Inc.,* 366 NLRB No. 157 at page 1 (August 6, 2018) ("We agree that Board judges, like SEC judges, are inferior officers" that must be appointed pursuant to the Appointments Clause). As argued in Spring Creek's Reply Brief (ECF 18), they are subject to the President's removal authority under the Fifth Circuit's analysis in *Jarkesy v. SEC*, 34 F.4th 446, 464-465 (5th Cir. 2022), *aff'd. and remanded on other ground,* __U.S. __, 144 S.Ct. 2117 (2024) ("*Jarkesy*").

The Supreme Court's decision in *Jarkesy* also makes clear, 144 S.Ct. at 2136 that, "if the action resembles a traditional legal claim, its statutory origins are not dispositive" and, at 144 S.Ct. at 2134, that: "The public rights exception is, after all, an exception" and "Without close attention to the basis for the each asserted application of the doctrine, the exception would swallow the rule." The inquiry to

6

determine whether the Seventh Amendment is implicated turns on the examination of the remedy that cause of action provides. *Jarkesy,* 144 S.Ct. at 2129 ("the remedy is all but dispositive"). Here, the newly implemented expanded remedy now expressly sought by the NLRB in the Amended Complaint is subject to the jurisdiction of an Article III Court, *Jarkesy,* 144 S.Ct. at 2132 ("If a suit is in the nature of an action at common law, then…adjudication by an Article III court is mandatory."). This Court should preclude the NLRB from claiming such authority pursuant to Spring Creek's motion here. Since the NLRB and its ALJs are not protected by any exception, Spring Creek has met this requirement

Factor 2: **<u>Spring Creek Will Be Irreparably Injured Without A Stay</u>**

Spring Creek recognizes that this Court has reached a different conclusion as to the applicable test for this Factor than that advanced by Spring Creek. As noted above, the Fifth Circuit has found arguments based on Spring Creek's analysis sufficient to grant the relief requested here. As noted by the Fifth Circuit, *Consumer Research v. CPSC,* 91 F.4th 342, 345 (5th Cir. 2024), cert. den. 2024 WL 4529808 (No. 23-1323 10/21/2024), the issues in these cases tee up one of the fiercest and oldest fights in administrative law: the *Humphrey's Executor* exception to the general rule that lets the president remove subordinates at will. This Court did not reach the merits of that issue in its prior decision.

*CFPB v. National Collegiate Master Student Loan Trust,* 96 F.4th 599 (3rd Cir. 2024), cert. docketed at No. 24-185, 8/20/2024), is not otherwise, since there the Third Circuit was concerned with retrospective relief (whether ratification of the alleged unlawful acts was required) and not with a prospective stay of proceedings. *Collins v. Yellen,* 594 U.S. 220, 258 (2021), remanded to determine retrospective relief after finding, 594 U.S. at 257, no live claim for prospective relief. *Collins v. Yellen* did not require additional proof of injury where prospective relief is involved since it did not address that issue. *See: Price v. Vincent,* 583 U.S. 634, 640 (2003) (need to distinguish cases where facts are not materially identical).

Spring Creek seeks only prospective relief here. *Axon Enterprises Inc. v. FTC,* 598 U.S. 175, 191 (2023) ("*Axon"),* made clear from *Seila Law,* 591 U.S. at 212, such harm constitutes "a here-and-now injury" that is not about vacating an agency order, but about precluding subjecting the plaintiff to any future proceedings as to which "it is impossible to remedy once the proceeding is over…and [j]udicial review of Axon's…structural constitutional claims would come too late to be meaningful.

*Seila Law LLC v. CFPB,* 591 U.S. at 212, expressly rejected any additional burden in this kind of case ("Indeed, we have expressly rejected the argument that consideration of the effect of a removal provision is not "ripe" until that provision is

8

actually used because when such a provision violates the separation of powers it inflicts a 'here-and-now' injury on affected third parties that can be remedied by a court."). Unless prospective injunctive relief is available on the basis of the here-and-now injury, that promised remedy would be illusory.

Requiring more for prospective relief is impracticable since a litigant cannot know in advance whether the types of actual harm relied upon in the Court's decision could exist. *Collins v. Yellen*, relied upon by the Court and Defendants, originated as a case for declaratory and injunctive relief about actions already taken by the FHFA, *see: Collins v. FHFA,* 254 F.Supp.3d 841 (S.D. Tex.-Houston 2017), and did not involve the question of whether agency proceedings could be stayed pending the determination of the unconstitutionality of the limits on agency removal, and the Supreme Court expressly acknowledged, 594 U.S. at 257, that "the only remaining remedial question concerns retrospective relief," since, 594 U.S. at 223, the agency agreed before the Supreme Court to eliminate the plaintiffs' injury. Until and unless the "here-and-now" irreparable injury defined in *Axon* is declared, prospective relief is warranted.

As the Supreme Court recognized in *Axon,* 598 U.S. at 192, Spring Creek will lose its rights if relief is deferred until after trial, just as in cases involving the right not to stand trial. Spring Creek sought no more than that in its prior motion and seeks no more than that in this Motion.

9

Spring Creek requests the Court to follow the Fifth Circuit's treatment in this kind of case as reflected in the Fifth Circuit's related Stay Decisions noted above and find that this Factor has been met for purposes of this Motion.

Factor 3:     **There is No Harm to the Defendant**
Factor 4:     **Relief in in the Public Interest**

The government suffers no harm from stopping the perpetuation of unlawful action. *League of Women Voters of U.S. v. Newby,* 838 F.3d 1, 12 (D.C. Cir. 2016); *BST Holdings, LLC v. OSHA,* 17 F.4th 604, 618.  It is always in the public interest to prevent a violation of constitutional rights, since "Our system does not permit agencies to act unlawfully even in the pursuit of desirable ends." *Ala. Assn. of Realtors v. HHS,* 594 U.S. 758, 766 (2021).

Even if the Court grants this Motion, but later determines the NLRB's proceedings are constitutional, Defendants could move forward with the unfair labor practice proceedings at that time. The NLRB waited nearly 16 months to issue a Complaint in the underlying unfair labor practice. This preliminary injunction would merely require the NLRB to stay the unfair labor practice proceedings while the Third Circuit makes its determination. While Spring Creek may suffer economic losses and constitutional deprivation, the Defendants simply do not stand to lose anything.

**CONCLUSION AND REQUESTED RELIEF**

For all the foregoing reasons, Spring Creek requests that the Court grant this Motion and stay the proceedings in this Court and enjoin the NLRB proceedings until Spring Creek's appeal before the Third Circuit is resolved. In the alternative, Spring Creek requests an injunction of the NLRB proceedings until such time as the Third Circuit can address Spring Creek's emergency motion for stay and injunction pending appeal.

                                        Respectfully submitted

                                        /s/ Louis J. Capozzi, Jr.
                                        Louis J. Capozzi, Jr.
                                        CAPOZZI ADLER, P.C.
                                        2933 North Front Street
                                        Harrisburg, PA 17110-1250
                                        (717) 233-4101
                                        Louc@capozziadler.com

Dated; November 4, 2024           [Attorneys for Plaintiff, Spring Creek]