<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SPRING CREEK REHABILITATION AND NURSING CENTER LLC d/b/a Spring Creek Healthcare Center,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, JENNIFER ABRUZZO, LAUREN M. McFERREN, MARVIN E. KAPLAN, GWYNNE A. WILCOX, DAVID M. PROUTY AND JEFFREY GARDNER,<br><br>Defendants. | Civil Action No. 24-09016<br><br>**OPINION**<br><br>November 6, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Spring Creek Rehabilitation and Nursing Center LLC d/b/a Spring Creek Healthcare Center's ("Spring Creek") Emergency Motion to Stay and Injunction Pending Appeal pursuant to FRAP Rule 8. (ECF 24, "Motion.") Defendant National Labor Relations Board ("NLRB") opposed the motion. (ECF 27, "Opp.") On November 4, 2024, American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") and Service Employees International Union's ("SEIU") filed a brief as *Amici Curiae*. (ECF 26.) The Court has decided this motion upon the submissions of Plaintiff, Defendant, AFL-CIO, and SEIU without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiff's Motion is **DENIED**.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff initiated the instant case on September 6, 2024 by filing a Complaint (ECF 1, "Compl.") and Application/Petition for Order to Show Cause for emergency relief in the form of Temporary Restraining Order and Preliminary Injunction. (ECF 8, Motion).

On or about November 30, 2021, Spring Creek purchased the skilled nursing facility located at 1 Lindberg Avenue, Perth Amboy, New Jersey, from the prior operator of that facility, Amboy Nursing and Rehabilitation Center ("Amboy") and assumed operations of the facility immediately. (ECF 1, Compl. ¶ 35.) Prior to the takeover of operations on November 30, 2021, Counsel for Spring Creek sent a letter to Clauvice St. Hilaire, Vice President of 1199 SEIU United Healthcare Workers East, New Jersey Region ("1199" or "the Union"), notifying the Union of the takeover of operations and recognizing the Union as the bargaining representative of the bargaining unit at Spring Creek, but explaining that Spring Creek would not be assuming the expired collective bargaining agreement. (*Id*. ¶ 36.) The Union requested that Spring Creek assume the expired collective bargaining agreement, but Spring Creek refused and proceeded with the takeover of operations of the facility as a Burns successor, implementing its Initial Terms and Conditions of Employment in accordance with federal labor law and communicating the same to Mr. St. Hilaire. (*Id*. ¶¶ 37-38.)

On or about May 22, 2023, the Union amended its unfair labor practice charge against Amboy to add Spring Creek as a party to its original August 19, 2021 charge against Amboy stemming from the transfer of operations.[2] (*Id*. ¶¶ 39-40.) The charges allege that Spring Creek: (a) unilaterally changed terms and conditions of employment without prior notice to or bargaining

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, Compl.), Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF 8, Motion), and NLRB's Opposition (ECF 15, Opp.).
[2] Between November 30, 2021 and May 22, 2023 Spring Creek and the Union engaged in bargaining sessions for a new collective bargaining agreement. (Compl. ¶ 41.)

with the Union; and (b) conditioned its employees' continued employment on their individual acceptance of changed terms and conditions of employment. (*Id.* ¶ 42.) The Union further alleged that Spring Creek is jointly and severally liable to remedy ULPs of the predecessor. (*Id.* ¶ 44.)

On or about July 23, 2024, the Regional Director of Region 22 issued an amended complaint and notice that the administrative hearing would occur on September 17, 2024. (*Id.* ¶¶ 45-49.)

On September 11, 2024, Plaintiff filed an application seeking immediate injunctive relief to enjoin the any further proceedings in NLRB Case No. 22-CA-281616 (Amboy Nursing and Rehabilitation Center and Spring Creek Rehabilitation and Nursing Center, LLC). (*See* ECF 8.) In response, and in light of the then-upcoming administrative hearing, the Court ordered an expedited briefing schedule. (*See* ECF 9.) However, on September 13, 2024, Defendant notified the Court that the NLRB formally rescheduled the unfair-labor-practice hearing to begin on November 7, 2024. (ECF 10, Def. Motion at 2.) On September 13, 2024, the Court reset the briefing schedule. (*See* ECF 12.)

On October 24, 2024, this Court denied Spring Creek's motion for preliminary injunctive relief. (*See* ECF 19, "October Opinion.") On October 29, 2024, Spring Creek filed its notice of appeal to the U.S. Court of Appeals for the Third Circuit. (ECF 21.) On November 4, 2024, Spring Creek filed the instant "Emergency Motion to Stay and Injunction Pending Appeal." (ECF 24.)

## II.   LEGAL STANDARD

"Injunctions pending appeal" are "'extraordinary remed[ies] never awarded as of right.'" *Donald J. Trump for President, Inc. v. Sec'y Commonwealth of Penn.*, 830 F. App'x 377, 389 (3d Cir. 2020) (quoting *Winter v. NRDC*, 555 U.S. 7, 24 (2008)) (alteration in original). The movant "must show both (1) a 'strong' likelihood of success on the merits and (2) irreparable injury absent"

an injunction. *Trump for President*, 830 F. App'x at 389. Where the federal government is a party, its interests and the public interest merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Third Circuit has explained that the first two factors are "gateway factors" and are "most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017). If these gateway factors are met, a court then considers the remaining two factors. *Id*. "A plaintiff's failure to establish any element in [her] favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. VitMar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999); *see also Tracey v. Recovco Mortg. Mgmt. LLC*, 451 F. Supp. 3d 337, 341 (D.N.J. 2020). As the moving party, Spring Creek has the burden to show it is entitled to an injunction. *See Oswald v. Ireland-Imhof*, 599 F. Supp. 3d 211, 215 (D.N.J. 2022).

### III.  ANALYSIS

This Court previously denied Spring Creek's motion for preliminary injunctive relief against the NLRB. However, Spring Creek now "seeks a different and likely shorter injunction to avoid and prevent the same harm noted in its prior motion." (ECF 24-2, Motion at 4.) The Court denies the new relief sought by Spring Creek.[3]

At the core of its initial moving papers in this action, Spring Creek contended that "proceeding[] before the National Labor Relations Board . . . would violate Spring Creek's rights to be free from proceedings before an unconstitutionally structured administrative proceeding against it." (*See* ECF 8.) Further, Spring Creek argued "intervention by this Court is required to preserve Spring Creek from here-and-now irreparable harm from subjugation to unconstitutional agency authority." (ECF 8-3 at 14.) Spring Creek now makes largely duplicative arguments in

---

[3] For the sake of efficiency, the Court declines to re-opine on the irreparable harm prong of the analysis. Instead, the Court incorporates by reference its analysis with respect to irreparable harm from its October 24, 2024 Opinion. (ECF 19.)

support of the "different" relief sought in this action. Even assuming Spring Creek's assertions regarding the alleged "unconstitutionally structured administrative proceeding" are correct, Spring Creek is not as a result "automatically entitled to an injunction." *YAPP USA Automotive Sys., Inc. v. Natl. Lab. Rel. Bd.*, No. 24-1754, 2024 WL 4489598, at *2 (6th Cir. Oct. 13, 2024).

Indeed, the Sixth Circuit in *YAPP* opined on nearly an identical issue. There, in denying the requested relief, the Sixth Circuit found that Plaintiff-Appellant ("YAPP") had not "explained how the removal protections for the NLRB Board members or the NLRB ALJs would 'specifically impact[]' the upcoming proceeding." *YAPP*, 2024 WL 4489598, at *3. Further, YAPP had not demonstrated that "'but for the allegedly unconstitutional removal provisions, the [NLRB Board members] or [the NLRB ALJ] would have been removed, the [NLRB] proceedings against it would not be occurring, or the proceedings would be different in any way.'" *Id*. (citing *Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 103 F.4th 748, 757 (10th Cir. 2024)). Ultimately, the Sixth Circuit found YAPP's counterarguments unpersuasive, concluding that "whether the removal protection scheme inflicted harm 'remains the same whether the petitioner seeks retrospective or prospective relief.'" *YAPP*, 2024 WL 4489598, at *3 (citation omitted).

As discussed in this Court's prior opinion, Plaintiff's continued reliance here on *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023) is misguided. (ECF 19, October Opinion at 6, n.4.) Indeed, the Court in *YAPP* arrived at the same conclusion, remarking that "[b]ecause *Axon* did not overrule *Collins* . . . we are bound by our prior ruling." *YAPP*, 2024 WL 4489598, at *3. *See Salmi v. Sec'y of Health & Hum. Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (citation omitted) (noting that a prior decision by another panel of the Sixth Circuit "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this [c]ourt sitting en banc overrules the prior decision").

Based upon controlling Third Circuit precedent, this Court arrives at the same conclusion reached by the Sixth Circuit. That is, Spring Creek's failure to satisfy the causal harm requirement could mean that it is not likely to succeed on the merits nor show that it will suffer irreparable harm. As the Third Circuit confirmed in *CFPB v. National Collegiate Master Student Loan Trust*, 96 F.4th 599 (3d Cir. 2024), under the Supreme Court's decision in *Collins v. Yellen*, 594 U.S. 220 (2021), "there must be an actual, compensable harm in order for there to be an injury from an impermissible insulation provision." 96 F.4th at 615 (discussing cases in agreement from sister circuits). Specifically, echoing the Supreme Court's analysis in *Collins*, the Third Circuit distinguished improper appointments, which affect an official's ability to carry out any functions of the office, from improper removal restrictions, which can potentially void an official's actions but only if "a plaintiff can show that the removal provision harmed him." *National Collegiate*, 96 F.4th at 607. Because of this difference, the Third Circuit specifically rejected the argument that improper removal restrictions create a "presupposition of harm," finding that assertion "foreclosed by *Collins* and its progeny."[4] *Id.*

Finally, Spring Creek's arguments concerning retrospective and prospective relief are similarly unavailing. The Third Circuit quoted with approval Justice Kagan's statement in *Collins* that "plaintiffs alleging a removal violation are entitled to injunctive relief—a rewinding of agency action—only when the President's inability to fire an agency head affected the complained-of decision." *National Collegiate*, 94 F.4th at 607 (quoting *Collins*, 594 U.S. at 274 (Kagan, J.,

---

[4] Spring Creek makes no showing of causal harm here. It does not claim that the President is dissatisfied with any ALJ or Board member. Nor does Spring Creek assert that it would be prejudiced by having its proceeding conducted by officials who are not removable at will.

concurring in part).) In addition, every circuit that has addressed whether the *Collins* causal-harm requirement applies equally to prospective relief has held that it does.[5]

Based upon the foregoing, Spring Creek is not entitled to the requested relief.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion to Stay and Injunction Pending Appeal pursuant to FRAP Rule 8 (ECF 24) is **DENIED**. An appropriate order follows.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc:   Stacey D. Adams, U.S.M.J.
      Parties

---

[5] *See Leachco*, 103 F.4th at 757; *L. Offs. of Crystal Moroney, P.C.*, 63 F.4th at 180-81; *Calcutt v. FDIC*, 37 F.4th 293, 316 (6th Cir. 2022), *rev'd per curiam on other grounds*, 598 U.S. 623 (2023); *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616, 631 (5th Cir. 2022).